LUCIEN BARNES, as Trustee of an Express Trust, Plaintiff, *v.* ALL AMERICAN INVESTING COMPANY, INC., and JAMES S. KEILY, Defendants.

Supreme Court, Queens Special Term, May, 1923.

Corporations — all stock owned by president — when only other director can maintain action to prevent interference with corporate agreement by president — express trust.

A corporation, having but two directors, through its president, who held the legal title to all of its stock and who was in complete charge and control of its officers, executed a certain agreement. *Held*, that the only other director, a salaried employee of the corporation, having no other interest, was entitled to maintain an action, as trustee of an express trust, to restrain the corporation and its president from interfering with the said agreement and from revoking certain powers of attorney executed by the corporation.

ACTION for an injunction.

*Paul Jones*, for plaintiff.

*Wm. D. Cunningham*, for defendants.

LEWIS, J. This is an action to restrain the defendants from interfering with a certain agreement made by the defendant All American Investing Company, Inc., through the defendant Keily

as its president; also from interfering with and revoking certain powers of attorney executed by it.

It is undisputed that at the time of the execution of the papers in question the legal title to all of the stock of the defendant All American Investing Company, Inc., was in the defendant Keily. While Keily and one Hastings testified that the stock was owned by them with one Feeley, the testimony of Hastings on a former trial that he had no interest, beneficial or otherwise, in the stock is directly in contradiction of his testimony on this trial.

Even if it be assumed, and I do not so decide, that there was a beneficial interest in others, the legal title was in Keily, and, as was stated in the dissenting opinion in *People's Trust Co.* v. *O'Meara*, 204 App. Div. 268: " ' The right to vote follows the legal ownership, and the corporation has nothing to do with the equities between the owner and third persons.' "

At the time of the execution of the agreement there were but two directors, the defendant Keily and the plaintiff Barnes. Keily was in complete charge and control of the corporation. Barnes was a salaried employee, having no interest, stock or otherwise, and was a dummy director.

Defendants contend that the board of directors never convened. In view of the stock holding and the sole directorship, such a contention is manifestly unsound. *Gerard* v. *Empire Square Realty Co.*, 195 App. Div. 244, 248.

The corporation had the right to make the agreements in question and, therefore, Keily, as its president, had the right to execute them.

Judgment is directed for the plaintiff, with costs.

Judgment accordingly.